**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Ste 1408
New York, New York 10123
(212) 643-6677
Danielle P. Light, Esq.
*Counsel for Plaintiff Green Mountain Holdings (Cayman) Ltd.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,     Case No.: 22-858

**COMPLAINT**

Plaintiff,

-against -

JAMES MCEACHERN; THE ESTATE OF RUTH WALFOR A/K/A RUTH P. WALFOR; KARINA BAEZ; DELIA BAEZ, AS HEIR OF RUTH WALFOR A/K/A RUTH P. WALFOR; UNKNOWN HEIRS OF RUTH WALFOR A/KA RUTH P. WALFOR; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,

Defendants.
------------------------------------------------------------------X

Plaintiff, Green Mountain Holdings (Cayman) Ltd. ("Green Mountain" or "Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

## NATURE OF THE ACTION

1.      This is an action brough pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 22506 Mentone Ave Laurelton NY 11413, known on the Queens County Tax Map as Block 13193 Lot 3 in the County of Queens and State of New York (the "Property"). A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

1

## PARTIES

2. Green Mountain Holdings (Cayman) Ltd. ("Green Mountain" of "Plaintiff") is a corporation organized under the laws of the Cayman Islands with a principal place of business in Miami, Florida. For the purposes of diversity, Green Mountain is a citizen of the State of Florida.

3. James McEachern ("McEachern") is an individual who is a citizen of the State of New York. McEachern, upon information and belief has an address of 22506 Mentone Ave Laurelton, NY 11413. McEachern is a necessary party to this action because he is an obligor under the Note.

4. Estate of Ruth Walfor ("Estate") is an estate who is a citizen of the State of New York. Estate, upon information and belief has an address of 22506 Mentone Ave Laurelton, NY 11413. Estate is a necessary party to this action because Estate is a legal representative of the deceased Ruth Walfor, who is an obligor under the Note.

5. Karena Baez ("Karena") is an individual who is a citizen of the State of New York. Baez, upon information and belief has an address of 22506 Mentone Ave Laurelton, NY 11413. McEachern is a necessary party to this action because he is a obligor under the Note.

6. Delia Baez, as Heir of Ruth Walfor ("Heir"), is an individual who is a citizen of the State of New York. Heir, upon information and belief has an address of 22506 Mentone Ave Laurelton, NY 11413. Heir is a necessary party to this action because Heir is a legal heir of the deceased Ruth P. Walfor, who is an obligor under the Note.

7. Unknown Heirs of Ruth Walfor ("Unknown Heirs"), upon information and belief are individuals who are citizens of the State of New York. Unknown Heirs, upon information and belief have an address of 22506 Mentone Ave Laurelton, NY 11413.Unkown Heirs are necessary

parties to this action because Unknown Heirs are possible legal heirs of the deceased Ruth P. Walfor, who is an obligor under the Note.

8. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

9. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

10. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

11. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

12. On or about May 5, 2006, as evidence of a loan in the amount of $306,400.00 (the "Loan"), McEachern executed and delivered to Countrywide Bank, N.A ("Lender") a note dated May 5, 2006 (the "Note"). A copy of the Note is annexed hereto as **Exhibit B**. Pursuant to the terms of the Note, McEachern promised to pay Lender, or the subsequent holder of the Note the principal sum of $306,400.00. *See* **Exhibit B**.

13. In order to collaterally secure the aforesaid Loan, McEachern on the same day duly executed, acknowledged and delivered a mortgage to Lender (the "Mortgage"). A copy of the

3

recorded Mortgage is annexed hereto as **Exhibit C**. The Mortgage encumbers the Property. *See* **Exhibit C**.

14. On February 1, 2007, McEachern sold the Property to Ruth Walfor and Karena Baez by way of Deed. *See* **Exhibit D**. Ruth Walfor and Karena Baez were granted the property subject to the Mortgage.

15. On October 5, 2018, Ruth Walfor passed away. Dalia Baez, as Ruth Walfor's daughter, was appointed as administrator of the Estate. *See* **Exhibit E**.

16. On October 16, 2018, McEachern's obligations under the Note and Mortgage were modified by way of a Loan Modification agreement. *See* **Exhibit F**.

17. Pursuant to the Mortgage, in any lawsuit for foreclosure, Lender or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount McEachern owes Lender which fees shall become part of the sums secured. *See id*.

18. Green Mountain is the current owner of the Note by virtue of its physical possession of the wet-ink Note. Therefore, Green Mountain is the holder and owner of both the Note and Mortgage on the date of the filing of this complaint. *See* **Exhibits B** and **C**.

19. McEachern defaulted under the terms of the Note and Mortgage for the payment due on March 1, 2019 (the "Default"). *See* **Exhibits B** and **C**.

20. On June 29, 2021, Green Mountain complied with the contractual provisions in the Note and Mortgage by mailing a 30-Day Notice (the "Default Notice") to McEachern advising of possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured. Attached hereto as **Exhibit G** is a copy of the Default Notice.

21. On June 29, 2021, Green Mountain complied with the requirements of RPAPL § 1304 by mailing a 90-Day Notice (the "90-Day Notice") to McEachern advising of possible legal action if the default under the Note and Mortgage together was not cured. Attached hereto as **Exhibit H** is a copy of the 90-Day Notice.

22. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

23. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

24. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note.

25. Each of the above-named defendant(s) has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein as follows:

a) On the First Cause of Action that all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that

5

the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property and Proceedings Law;

b) On all causes of action together with Plaintiff's costs and attorneys' fees, and such other and further relief as this Court shall deem just and proper.

Dated: February 16, 2022
New York, New York

By:   */s/ Danielle P. Light*
Danielle P. Light, Esq.
*Attorneys for Plaintiff Green Mountain Holdings (Cayman) Ltd.*
450 Seventh Avenue, Ste 1408
New York, New York 10123
dlight@hasbanilight.com
Tel: 212.643.6677