UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD,

Plaintiff,

-against-

JAMES MCEACHERN; KARINA BAEZ; DELIA BAEZ, AS ADMINISTRATRIX OF THE ESTATE OF RUTH WALFOR; UNKNOWN HEIRS OF RUTH WALFOR A/KA RUTH P. WALFOR; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,

Defendants.

**MEMORANDUM & ORDER**
**22-CV-858 (NGG) (TAM)**

NICHOLAS G. GARAUFIS, United States District Judge.

This is a foreclosure action pursuant to the New York Real Property Actions and Proceedings Law ("RPAPL"), brought by Green Mountain Holdings (Cayman) LTD ("Green Mountain" or "Plaintiff"), against Defendants James McEachern, Karina Baez, Delia Baez, Unknown Heirs of Ruth Walfor, and unknown tenants of the relevant property, referred to as John Doe and Jane Doe. (*See generally* Am. Compl. (Dkt. 22).) Pending before the court is Plaintiff's motion for summary judgment, which the court referred to Magistrate Judge Taryn A. Merkl for a report and recommendation ("R&R). (*See* Mot. (Dkt. 33); November 6, 2023 Order Referring Mot.) Judge Merkl issued the annexed R&R on February 5, 2024, recommending that the court grant Plaintiff's motion and issue a judgment of foreclosure and sale. (R&R (Dkt. 37).)

1

No party has objected to Judge Merkl's R&R and the time to do so has passed. *See* Fed. R. of Civ. P. 72(b)(2). Therefore, the court review the R&R for clear error. *See Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014). Having found none, the court ADOPTS the R&R in full.

The court therefore GRANTS Plaintiff's motion for summary judgment. Plaintiff is DIRECTED to submit a proposed form of judgment of foreclosure and sale of the subject property located at 22506 Mentone Ave., Laurelton, NY 11413 (known on the Queens County Tax Map as Block 13193 Lot 3 in the County of Queens and State of New York), as well as a detailed calculation of damages that are to be awarded from the sale within fourteen days of the entry of this order. Defendants may dispute Plaintiff's calculation and submit a proposed counter-judgment within ten days of Plaintiff's submission. Plaintiff is further DIRECTED to serve a copy of this order and the R&R on the Defendants at their last known addresses and to file proof of service with the court.

SO ORDERED.


Dated:     Brooklyn, New York
           February 23 2024


                                    s/Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

GREEN MOUNTAIN HOLDINGS
(CAYMAN) LTD,

                Plaintiff,

      -against-

JAMES MCEACHERN, ET AL.,

              Defendants.

-------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
22-CV-858 (NGG) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      Green Mountain Holdings (Cayman) LTD ("Green Mountain" or "Plaintiff")

initiated this action on February 16, 2022, against Defendants James McEachern, Estate

of Ruth Walfor,[1] Karina Baez ("Karina"), Delia Baez ("Delia"), Unknown Heirs of Ruth

Walfor, and John Doe and Jane Doe as "tenants, occupants, persons, or corporation, if

any, having or claiming an interest in or lien upon [22506 Mentone Ave., Laurelton, NY

11413]." (Compl., ECF No. 1, ¶¶ 1–9.) Plaintiff seeks to foreclose on a mortgage

encumbering the property at 22506 Mentone Ave., Laurelton, NY 11413 (known on the

Queens County Tax Map as Block 13193 Lot 3 in the County of Queens and State of

New York) (referenced to herein as the "22506 Mentone Avenue Property" or the

"Property"), under the New York Real Property Actions and Proceedings Law

("RPAPL"), Section 1301 *et seq.* (Am. Compl., ECF No. 22, ¶ 1.) Plaintiff also alleges that

the total amount due on the subject loan at the time the motion was filed was

---

[1] Plaintiff filed an amended complaint on July 7, 2022, naming Delia "as administratrix
of the Estate of Ruth Walfor." (Am. Compl., ECF No. 22, at 1 (capitalization modified).) The
amended complaint does not name The Estate of Ruth Walfor as a named defendant. (*Id.*)

$442,463.13.[2] (Aff. of John W. Ramer in Supp. of Pl.'s Mot. for Summ. J., ECF No. 33-2, ¶ 15 (hereinafter "Ramer Aff.").)

Currently pending before this Court is Plaintiff's motion for summary judgment, which the Honorable Nicholas G. Garaufis referred to the undersigned magistrate judge for a report and recommendation. (*See* Mot. for Summary J., ECF No. 33; Nov. 6, 2023 ECF Order Referring Mot.) For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion for summary judgment be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.   Factual Background

On May 5, 2006, Defendant McEachern executed a note in favor of Countrywide Bank, N.A., promising to repay the principal sum of $306,400, plus interest. (*See* Adjustable Rate Note, ECF No. 22-2 (hereinafter "Note").) To secure the loan, Defendant McEachern executed a mortgage in the amount of $306,400 to Countrywide Bank, N.A. on the same day (the "Mortgage"). (*See* Pl.'s Statement of Material Facts 56.1, ECF No. 33-1, ¶ 6 (hereinafter "Pl.'s 56.1"); Mortg., ECF No. 22-3.) Under the terms of the Note, Defendant McEachern was required to make payments of principal and accrued interest, on a monthly basis, until the maturity date of the Note. (*See* Note, ECF No. 22-2, ¶ 3.) The interest rate was originally set at 7.5 percent, and the Note provided that failure to pay any monthly installment would constitute a default. (*See id.* ¶¶ 2, 3, 7(c).) The Note required payments to be made on the first day of each month beginning on July 1, 2006. (*See id.* ¶ 3.) Allonges to the Note demonstrate that the Mortgage was

---

[2] The total alleged damages represents the sum of past due interest owed on the loan (discussed *infra*), late fees, unpaid loan charges, and estimated payoff charges from the servicer. (Ramer Aff., ECF No. 33-2, ¶ 15.)

subsequently assigned to Bank of America, N.A.; Wilmington Savings Fund Society; and Plaintiff. (*See* Pl.'s 56.1, ECF No. 33-1, ¶ 8; Assignments, ECF No. 33-8, at ECF pp. 2–4, 9–10, 13–14.)

On February 1, 2007, Defendant McEachern sold the Property to Ruth Walfor and Karina Baez by way of deed. (Pl.'s 56.1, ECF No. 33-1, ¶ 7; Walfor Baez Deed, ECF No. 1-5, at ECF pp. 1–2.) Plaintiff states that "Ruth Walfor and Kar[i]na Baez were granted the property subject to the Mortgage." (Pl.'s 56.1, ECF No. 33-1, ¶ 7.) After Ruth Walfor passed away on October 5, 2018, Delia Baez was appointed as administratrix of Ms. Walfor's estate. (*Id.*; *see* Settlement of Estate Aff., ECF No. 1-6.)

On October 16, 2018, Defendant McEachern's obligations under the Note and Mortgage were modified by way of a loan modification agreement. (Loan Modification, ECF No. 22-6; *see* Pl.'s 56.1, ECF No. 33-1, ¶ 7.) The loan modification agreement provided that "[a]ll the rights and remedies, stipulations, and conditions contained in the [Note] relating to default in the making of payments under the [Note] shall also apply to default in the making of the modified payments hereunder."[3] (Loan Modification, ECF No. 22-6, ¶ 5(a).)

Plaintiff posits that it is an undisputed fact that Defendant McEachern breached his obligations under the Note "by failing to pay the regular monthly payment which came due on March 1, 2019 . . . and all subsequent payments." (Pl.'s 56.1, ECF No. 33-1, ¶ 10.) Accordingly, on June 29, 2021, Plaintiff served upon Defendant McEachern a 30-day notice (the "30-day Notice") advising him, among other things, that "[f]ailure to

---

[3] The terms of the Note provided that if Defendant McEachern "[did] not pay the full amount of each Minimum Payment on the date it is due, [he would] be in default." (Note, ECF No. 22-2, ¶ 7(B).)

correct the default by July 29, 2021 may result in acceleration of [his] loan," and further advising Defendant McEachern that "[u]pon acceleration, the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced." (30-day Notice, ECF No. 22-7, at ECF p. 5; *see* Pl.'s 56.1, ECF No. 33-1, ¶ 11.) Also on June 29, 2021, Plaintiff served upon Defendant McEachern a 90-day notice (the "90-day Notice") advising him, among other things, that "if [he has] not taken any actions to resolve this matter within 90 days from the date this notice was mailed, [Plaintiff] may commence legal action against [him] or sooner if [he] cease[s] to live in the dwelling as [his] primary residence." (90-day Notice, ECF No. 22-8, at ECF p. 5; Pl.'s 56.1, ECF No. 33-1, ¶ 11.)

## II. Procedural History

On February 16, 2022, Plaintiff commenced the present foreclosure action. (*See* Compl., ECF No. 1.) Plaintiff brings this action under diversity jurisdiction, asserting that it is a corporation organized under the laws of the Cayman Islands with a principal place of business in Miami, Florida. (Pl.'s 56.1, ECF No. 33-1, ¶ 1.) Plaintiff further states that Defendants McEachern, Karina, and Delia are all citizens of New York. (*Id.* ¶¶ 3–5.) On April 13, 2022, Plaintiff filed proof of service of the complaint on February 17, 2022, as to Defendants McEachern, the Estate of Ruth Walfor, Delia, and Karina. (McEachern Aff. of Serv., ECF No. 11; Estate of Ruth Walfor Aff. of Serv., ECF No. 12; Delia Aff. of Serv., ECF No. 13; Karina Aff. of Serv., ECF No. 14.)[4] On April 8, 2022, Defendant Karina filed an answer to the complaint. (Karina Answer, ECF No. 8.) Five days later,

---

[4] The affidavits of service state that each Defendant was served "the summons in a civil action; supplemental summons complaint with the Notice required by RPAPL Section 1303." (*See* Affs. of Serv., ECF Nos. 11–14 (capitalization modified).)

on April 13, 2022, Plaintiff requested a certificate of default as to Defendants Delia, McEachern, the Estate of Ruth Walfor, and the Unknown Heirs of Ruth Walfor. (Req. for Cert. of Default, ECF No. 17.) On April 25, 2022, the Clerk of Court entered default against Defendants Delia and McEachern, but denied the request for a certificate of default as to Defendants Estate of Ruth Walfor and the Unknown Heirs of Ruth Walfor. (Entry of Default, ECF No. 18; Apr. 25, 2022 ECF Req. Denied.)

On June 3, 2022, Plaintiff moved to amend the caption; at a status conference held on June 24, 2022, the Court denied this motion "in light of Plaintiff's intention to file an amended complaint." (Mot. to Amend, ECF No. 19; June 24, 2022 ECF Min. Entry & Order.) Shortly thereafter, on July 7, 2022, Plaintiff filed an amended complaint. (Am. Compl., ECF No. 22.)

On August 4, 2022, Plaintiff filed proof of service of the amended complaint as to Defendants Delia, Karina, and the Unknown Heirs of Ruth Walfor. (Am. Compl. Aff. of Serv. Delia, ECF No. 23; Am. Compl. Aff. of Serv. Karina, ECF No. 23-1; Am. Compl. Aff. of Serv. Unknown Heirs, ECF No. 23-2.) On October 4, 2022, Defendants Karina, Delia, and McEachern filed answers to the amended complaint. (Karina Answer, ECF No. 24; Delia Answer, ECF No. 25; McEachern Answer, ECF No. 26.)

During a status conference held on October 6, 2022, the Court ordered Plaintiff and Defendants Karina, Delia, and McEachern to meet and confer to complete a case management worksheet. (Oct. 6, 2022 ECF Min. Entry & Order.) After a series of letters and Orders concerning the parties' difficulty in completing the case management worksheet, the Court held a status conference on November 7, 2022, during which the Court set discovery deadlines and scheduled a further status conference for January 5, 2023. (Nov. 7, 2022 ECF Min. Entry & Order.) At the January 5, 2023 status conference, Plaintiff "indicated that it had discovered from the title search that Defendant James

5

McEachern is no longer the deed-holder of the subject property and that Plaintiff had

reason to believe that Defendants Karina Baez and Delia Baez were the proper deed-

holders." (Jan. 5, 2023 ECF Min. Entry & Order.) The Court directed the parties to meet

and confer to discuss resolution of the case, and scheduled another status conference for

February 15, 2023. (*Id.*) At the February 15, 2023 status conference, Plaintiff "indicated

its intention to file a motion for summary judgment." (Feb. 15, 2023 Min. Entry &

Order.)

Plaintiff subsequently filed a pre-motion conference request, which Judge

Garaufis granted. (Mot. for Pre-Mot. Conference, ECF No. 32; May 1, 2023 ECF Order.)

Defendants did not attend the pre-motion conference held on June 15, 2023, during

which Judge Garaufis set a briefing schedule. (June 15, 2023 ECF Min. Entry.)

On August 25, 2023, Plaintiff filed a motion for summary judgment, which Judge

Garaufis later referred to the undersigned magistrate judge for a report and

recommendation. (Mot. for Summary J., ECF No. 33; Nov. 6, 2023 ECF Order Referring

Mot.) On December 27, 2023, and January 23, 2024, the Court ordered Plaintiff to

provide supplemental filings concerning certain issues; Plaintiff made such filings on

January 2, 2024, and January 25, 2024, respectively.[5] (Dec. 27, 2023 ECF Order; Letter

---

[5] Specifically, the Court directed Plaintiff to:

(1) provide the Court with all RPAPL § 1303 notices as detailed in ECF No. 33,
Ex. 6; (2) address whether 22506 Mentone Ave., Laurelton NY 11413 ('the
Property') was 'owner-occupied' or tenant-occupied at any point between May 5,
2006 and the present pursuant to § 1303, and if so, when and by whom; (3) state
whether Plaintiff served summons(es) pursuant to § 1320 and, if so, provide the
summons(es) and proof of service; and (4) state whether the Property was
'intended to be used or occupied wholly or partly[] as the home or residence of
one or more persons and which [was] occupied by the borrower as the
borrower's principal dwelling' pursuant to § 1304(6)(a)(1).

(Dec. 27, 2023 ECF Order.)

with Suppl. Info. (hereinafter "First Suppl. Submission"), ECF No. 34; Jan. 23, 2024 ECF

Order; Second Suppl. Submission, ECF No. 35; Aff. of Serv., ECF No. 36.) To date,

Defendants have not responded to the motion for summary judgment.

## DISCUSSION

### I.  Legal Standards

#### A.  Summary Judgment[6]

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is

appropriate "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see

also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d

Cir. 2017). "A fact is 'material' for these purposes if it 'might affect the outcome of the

suit under the governing law.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting

---

[6] Local Civil Rule 56.1 of the Eastern District of New York ("Rule 56.1") "requires a party moving for summary judgment to submit a separate, short and concise statement of the allegedly undisputed material facts, set out in numbered paragraphs, on which the moving party relies in arguing that there is no genuine issue to be tried." *Rekha v. United States*, No. 15-CV-7271 (RRM) (LB), 2017 WL 3891647, at 3 n.2 (E.D.N.Y. Aug. 3, 2017), *report and recommendation adopted*, 2017 WL 3887875 (E.D.N.Y. Sept. 5, 2017) (quotation marks omitted); Local Rule 56.1(a). The party opposing a motion for summary judgment must also "include a correspondingly numbered paragraph responding to each numbered paragraph of the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Rule 56.1(b).

Here, Defendants have not responded to Plaintiff's motion for summary judgement at all. Courts in this circuit have "made clear that where a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court still has an obligation to determine whether summary judgment is appropriate." *Fabrikant v. French*, 691 F.3d 193, 215 n.18 (2d Cir. 2012) (quotation marks omitted). However, "[a]ll material facts set forth in the [Rule 56.1] statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998); *see T.Y. v. New York City Dept. of Educ.*, 584 F.3d 412, 417–18 (2d Cir. 2009) ("Should the nonmoving party wish to contest the assertions contained within a Rule 56.1 statement, the nonmoving party must respond to each of the statement's paragraphs and include, if necessary, a statement of the additional material facts that demonstrate a genuine issue for trial.").

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is "genuine" if "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113–14 (2d Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). "Put another way, summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-movant." *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021) (alterations and quotation marks omitted).

"The movant bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *Nick's Garage, Inc.*, 875 F.3d at 114 (alteration in original) (quoting *Celotex Corp.*, 477 U.S. at 323). Once the moving party has satisfied their burden, "'the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" *Brizzi v. Utica Mut. Ins. Co.*, 529 F. Supp. 3d 44, 51 (E.D.N.Y. 2021) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (emphasis in *Brizzi* omitted); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

Summary judgment must be denied "if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). Further, Rule 56(c) provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

8

Fed. R. Civ. P. 56(c)(1); *Lener v. Hempstead Pub. Sch.*, 55 F. Supp. 3d 267, 274 (E.D.N.Y. 2014).

When determining whether a movant is entitled to summary judgment, judges do not weigh the evidence or make credibility determinations to decide the truth of the matter, but instead determine "whether there is a genuine issue for trial." *Green v. Town of E. Haven*, 952 F.3d 394, 406 (2d Cir. 2020) (citing *Anderson*, 477 U.S. at 249, 255). District courts are "required to 'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006) (quoting *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). In addition, courts "may not properly consider the record in piecemeal fashion, trusting innocent explanations for individual strands of evidence; rather, it must review all of the evidence in the record." *Rasmy v. Marriott Int'l, Inc.*, 952 F.3d 379, 386 (2d Cir. 2020).

## B. *Prima Facie* Case for Foreclosure

"In a mortgage foreclosure action brought under New York law, a plaintiff makes a prima facie case . . . by producing: 1) the mortgage and the note . . . ; 2) proof of the mortgagor's default; and 3) proof of 'notice to the debtor of that default.'" *Plenitude Cap. LLC v. Utica Ventures, LLC*, No. 18-CV-2702 (MKB) (RER), 2019 WL 4014840, at *4 (E.D.N.Y. June 11, 2019), *report and recommendation adopted*, 2019 WL 3543610 (E.D.N.Y. Aug. 5, 2019) (quoting *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019)). For the third prong, the RPAPL details specific, required statutory notices that must be provided prior to foreclosure.

1. *RPAPL Section 1303*

As to the New York notice requirements, under RPAPL Section 1303, a foreclosing party in an action involving residential real property must provide notice to "(a) any mortgagor if the action relates to an owner-occupied one-to-four family dwelling; and (b) any tenant of a dwelling unit," with specific formatting and content requirements for such notices. RPAPL § 1303(1); *see id.* § 1305(3) ("[A] successor in interest of residential real property shall provide written notice to all tenants in the same manner as required by [Section 1303(4)] . . . ."); *see also* N.Y. Real Prop. § 265-a (Home Equity Theft Prevention Act ("HETPA")); *First Nat'l Bank of Chicago v. Silver*, 899 N.Y.S.2d 256, 258 (App. Div. 2d Dep't 2010) (explaining that "HETPA . . . requires the foreclosing party in a residential mortgage foreclosure action to deliver statutory-specific notice to the homeowner, together with the summons and complaint" pursuant to RPAPL Section 1303(1)). The required Section 1303 notice for a mortgagor who resides in an owner-occupied one-to-four family dwelling must contain specific language, starting with "Help for Homeowners in Foreclosure[.] New York State Law requires that we send you this notice about the foreclosure process. Please read it carefully. . . . You are in danger of losing your home." RPAPL § 1303(3). Similarly, the Section 1303 notice required to be sent to a tenant of a dwelling subject to foreclosure has specific language requirements, starting with "Notice to Tenants of Buildings in Foreclosure[.] New York State Law requires that we provide you this notice about the foreclosure process. Please read it carefully," and includes a paragraph, in all capitalized letters, regarding tenant rights and protections. RPAPL § 1303(5). Section 1303 notices must "be delivered with the summons and complaint." RPAPL § 1303(2).

"[C]ourts that have considered the character of the [RPAPL Section 1303] notice have consistently interpreted HETPA's notice requirement as a mandatory condition or

10

condition precedent. That is, the foreclosing party has the burden of showing compliance therewith and, if it fails to demonstrate such compliance, the foreclosure action will be dismissed." *First Nat'l Bank of Chicago*, 899 N.Y.S.2d at 259 (citations omitted) (collecting cases); *Onewest Bank, N.A. v. Mahoney*, 62 N.Y.S.3d 144, 146 (App. Div. 2d Dep't 2017) ("Proper service of an RPAPL [Section] 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint." (citations omitted)); *Plenitude Cap. LLC*, 2019 WL 4014840, at *5 ("A foreclosing mortgagee that does not clearly establish compliance with RPAPL's notice requirements, including those set forth under Section 1303, fail[s] to meet its prima facie burden of establishing its entitlement to judgment as a matter of law." (quotation marks omitted)). "A plaintiff's failure to comply with the notice requirements of RPAPL [Section] 1303 may be raised 'at any time during an action.'" *Wells Fargo Bank, N.A. v. Coffey*, 113 N.Y.S.3d 164, 165 (App. Div. 2d Dep't 2019) (quoting *First Nat'l Bank of Chicago*, 899 N.Y.S.2d at 257) (emphasis in *Wells Fargo Bank, N.A.* omitted). Further, a "court must determine whether a plaintiff has complied with [RPAPL notice requirements] . . . because failure to comply with [these requirements] is a sufficient basis to deny foreclosure relief." *U.S. Bank Nat'l Ass'n ex rel. RMAC Tr., Series 2016-CTT v. Christian*, No. 19-CV-427 (CBA) (RML), 2020 WL 3918566, at *3 (E.D.N.Y. Feb. 25, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 3893015 (E.D.N.Y. July 10, 2020).

    2. *RPAPL Section 1304*

    The New York RPAPL also establishes specific procedures to ensure proper notice in advance of a foreclosure action with regard to a home loan, as follows:

> Pursuant to RPAPL [Section] 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address

> of record, including mortgage foreclosure, such lender, assignee or
> mortgage loan servicer shall give notice to the borrower." The statute
> requires that such notice be sent by registered or certified mail, and also
> by first-class mail, to the last known address of the borrower. "Strict
> compliance with RPAPL [Section] 1304 notice to the borrower or
> borrowers is a condition precedent to the commencement of a foreclosure
> action."

*U.S. Bank Trust, N.A. v. Mehl*, 151 N.Y.S.3d 137, 140 (App. Div. 2d Dep't 2021) (quoting

*Citibank, N.A. v. Conti-Scheurer*, 98 N.Y.S.3d 273, 276 (App. Div. 2d Dep't 2019)). "A

plaintiff in a foreclosure action can demonstrate compliance with RPAPL Section 1304

'with proof of the actual mailings, such as affidavits of mailing or domestic return

receipts with attendant signatures, or proof of a standard office mailing procedure

designed to ensure that items are properly addressed and mailed, sworn to by someone

with personal knowledge of the procedure.'" *Miss Jones, LLC v. Viera*, No. 18-CV-1398

(NGG) (SJB), 2020 WL 1527141, at *1 (E.D.N.Y. Mar. 31, 2020) (quoting *CIT Bank N.A. v.

Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020), *certified question accepted*, 34 N.Y.3d 1137

(2020), *and certified question answered*, 36 N.Y.3d 550 (2021)).

3. *RPAPL Section 1320*

Under RPAPL Section 1320, a "[s]pecial summons" with specific formatting and

content is required to be served in connection with actions to foreclose on residential

properties containing no more than three units. *See* RPAPL § 1320 (requiring the

summons to contain a specific notice, beginning with "NOTICE[.] YOU ARE IN

DANGER OF LOSING YOUR HOME," and containing, inter alia: "If you do not

respond to this summons and complaint by serving a copy of the answer on the

attorney for the mortgage company who filed this foreclosure proceeding against you

and filing the answer with the court, a default judgment may be entered and you can

lose your home."). Compliance with RPAPL Section 1320 is a mandatory requirement in

mortgage foreclosure actions. *Aronson v. Callahan*, 83 N.Y.S.3d 792, 794 (Sup. Ct. Ulster

Cnty. 2018) ("Inasmuch as the plaintiff admits that he failed to comply with the statutory language of RPAPL § 1320 in his actual summons, that failure is not excused, and the complaint must be dismissed."); *Windward Bora, LLC v. Sotomayor*, No. 21-CV-7161 (CS), 2023 WL 2575582, at *9 (S.D.N.Y. Mar. 20, 2023) ("Here, the 2019 Action was similarly dismissed for failure to satisfy a condition precedent to suit — namely, compliance with RPAPL § 1303 and § 1320."), appeal filed, No. 23-546 (Apr. 11, 2023). The "special summons" pursuant to RPAPL Section 1320 must be served in addition to, not instead of, ordinary summons. *Windward Bora, LLC*, 2023 WL 2575582, at *5–6.

## II. Analysis

### A. Proof of the Mortgage, Note, and Default

As set forth above, Plaintiff has provided proof of the Note and Mortgage at issue, both dated May 5, 2006. There is no dispute that Defendant McEachern originally executed the Note to Countrywide Bank, N.A. in the amount of $306,400, and that Defendant McEachern signed the corresponding Mortgage. (Note, ECF No. 22-2; Mortg., ECF No. 22-3, at ECF p. 21; Pl.'s 56.1, ECF No. 33-1, ¶ 6.) Plaintiff also asserted in its 56.1 Statement, which has gone unrefuted by Defendants, that "Plaintiff is the current owner of the Note by virtue of its physical possession of the wet ink Note. Therefore, [Plaintiff] is the holder and owner of both the Note and Mortgage on the date of the filing of the complaint." (Pl.'s 56.1, ECF No. 33-1, ¶ 9.) The record also includes documentation regarding the history of the assignment of the Mortgage, showing that the Mortgage was assigned to Plaintiff on April 28, 2021. (Assignments, ECF No. 33-8, at ECF pp. 11, 13–14.) Moreover, Defendant McEachern did not deny Plaintiff's allegation

13

that he is the obliger under the Note and that he defaulted.[7] (*Compare* Am. Compl., ECF No. 22, ¶¶ 3, 18; *with* McEachern Answer, ECF No. 26, ¶¶ 3, 18; Pl.'s 56.1, ECF No. 33-1, ¶¶ 9–10.) Finally, Plaintiff has submitted an affidavit from an authorized signatory of Green Mountain Holdings (Cayman) Ltd. that asserts that Defendant McEachern defaulted by failing to pay the installment due on March 1, 2019, and that the default continues to date. (Ramer Aff., ECF No. 33-2, ¶ 11.) Accordingly, Plaintiff has established the first two elements of its *prima facie* case for foreclosure.

### B. Compliance with RPAPL Notice Procedures

For the following reasons, the Court further concludes that Plaintiff has demonstrated compliance with the requirements of RPAPL Sections 1303, 1304, and 1320, which has gone unrebutted by Defendants. Accordingly, Plaintiff has established its *prima facie* case for foreclosure and sale. *Compare Plenitude Cap. LLC,* 2019 WL 4014840, at *4.

#### 1. *Compliance with RPAPL Section 1303*

As set forth above, RPAPL Section 1303 requires specific notice to be sent to "any mortgagor" if the foreclosure relates to an owner-occupied one-to-four family dwelling, and "any tenant of a dwelling unit" in a residential property mortgage foreclosure action. RPAPL Section 1303(1)(a), (b). The Property here is a one family dwelling. (*See* Mortg., ECF No. 22-3, at ECF p. 1.) Plaintiff has also established that the Property was owner-occupied. Plaintiff asserts that since Ruth Walfor and Defendant Karina purchased the Property from Defendant McEachern on February 1, 2007, "the Property

---

[7] Defendants Karina and Delia did not deny this either, as all Defendants submitted identical answers. (*See* Karina Answer, ECF No. 24; Delia Answer, ECF No. 25; McEachern Answer, ECF No. 26.)

has been continuously occupied by its owners."[8] (First Suppl. Submission, ECF No. 34, at ECF p. 1; *see* Walfor Baez Deed, ECF No. 1-5, at ECF pp. 1–2.) Indeed, the record supports this assertion. (*See, e.g.*, Am. Compl. Aff. of Serv. Delia, ECF No. 23; Am. Compl. Aff. of Serv. Karina, ECF No. 23-1; Karina Answer, ECF No. 24; Delia Answer, ECF No. 25.)

Plaintiff has demonstrated compliance with RPAPL Section 1303 by sending specific notice to "any mortgagor" and "any tenant of a dwelling unit" of the Property. (*See* Am. Compl. Aff. of Serv. Delia, ECF No. 23; Am. Compl. Aff. of Serv. Karina, ECF No. 23-1; Am. Compl. Aff. of Serv. Unknown Heirs, ECF No. 23-2; Am. Compl. Aff. of Serv. John Doe and Jane Doe, ECF No. 23-3; Compl. Aff. of Serv. McEachern, ECF No. 11 (indicating service on Defendant McEachern); First Suppl. Submission, ECF No. 34, at 1 (noting that Exhibit A is the notice served upon Defendants); *id.* Ex. A.)

Defendants offer no evidence that raises a material issue of fact for trial on the question of whether Plaintiff complied with the notice requirements of RPAPL Section 1303. Accordingly, the Court respectfully recommends finding that Plaintiff has complied with RPAPL Section 1303.

---

[8] Plaintiff identifies Defendant Delia as "the heir of Ruth Walfor," (First Suppl. Submission, ECF No. 34, at 2), suggesting that Defendant Delia became an owner of the property after Ruth Walfor passed. However, the Court notes that in her answer, Defendant Delia stated that she is *an* heir of Ruth Walfor, not *the* heir. (Delia Answer, ECF No. 25, ¶ 6.) Given the lack of evidence in the record demonstrating that Defendant Delia became heir to the Property, it is unclear whether Defendant Delia is an owner of the Property. Regardless, the record clearly establishes that Defendant Karina is an owner of the Property and that she occupied the Property. (*See* Am. Compl. Aff. of Serv. Karina, ECF No. 23-1 (stating that "[Karina] actually resides at [the Property]").) Notwithstanding the proof of service on the unknown heirs and John and Jane Doe, there is no evidence that other mortgagors, owners, or tenants have an interest in the property. (*See, e.g.*, Aff. of Relation to Settlement of Walfor Estate, ECF No. 22-5, at 2 (indicating Delia Baez as the sole distributee of the Walfor estate).)

2. *Compliance with RPAPL Section 1304*

Plaintiff acknowledges that Defendant McEachern took out a home loan secured

by the Property such that the Section 1304 notice requirement applies. (*See* First Suppl.

Submission, ECF No. 34, at 2; *see also* Mortg., ECF No. 22-3.) Plaintiff has adduced that it

"complied with the requirements of RPAPL § 1304 by mailing a 90-Day Notice . . . to

McEachern advising of possible legal action if the default under the Note and Mortgage

together was not cured."[9] (Pl. 56.1, ECF No. 33-1, ¶ 11; 90-day Notice, ECF No. 22-8); *see*

*also* RPAPL § 1304. Plaintiff provided proof of the "actual mailing," to the Property

address through copies of the mailing and a U.S. Postal Service Certified Mail receipt

with a tracking number. (*See* 90-day Notice, ECF No. 22-8.) Plaintiff also provided

photocopies of the mailing envelope, which states that it was mailed via first class and

certified mail on June 29, 2021. (*Id.*, at ECF pp. 1–2.)

Defendants offer no evidence that raises a material issue of fact for trial on the

question of whether Plaintiff complied with the notice requirements of RPAPL

---

[9] RPAPL Section 1304 requires the notice be mailed to "the borrower, or borrowers" at "the last known address of the borrower." RPAPL § 1304. Defendant McEachern is the only borrower. (*See* Note, ECF No. 22-2, at 5 (indicating only Defendant McEachern's signature).) The amended complaint notes Defendant McEachern's last known address. (Am. Compl., ECF No. 22, ¶ 3 (establishing that, "upon information and belief," Defendant McEachern has an address of 22506 Mentone Ave., Laurelton, NY 11413).) Although Defendant McEachern denied having this address, this denial does not defeat Plaintiff's showing of compliance. (McEachern Answer, ECF No. 26, ¶ 3); RPAPL § 1304. The Court notes that under the terms of the Note, Defendant McEachern expressly agreed that "any notice that must be given to [him] under this Note will be given by delivering it or by mailing it by first class mail to [him] at the Property Address [included in the Note] or at a different address if I give the Note Holder a notice of my different address." (Note, ECF No. 22-2, ¶ 8.) Defendants have not offered any evidence to suggest that Defendant McEachern provided a different address to the holder of the Note for purposes of notice.

Section 1304.[10] Accordingly, the Court respectfully recommends finding that Plaintiff has complied with RPAPL Section 1304.

3. *Compliance with RPAPL Section 1320*

As set forth above, mortgage foreclosure actions require strict compliance with the RPAPL Section 1320 special summons requirements. *See Aronson*, 83 N.Y.S.3d at 793. Plaintiff has demonstrated that it served the summons required by Section 1320, "together with the Summons, Complaint, and other initiating documentation upon all Defendants." (First Suppl. Submission, ECF No. 34, at 2.)

Specifically, the filed affidavits of service in this case specifically noted that service of "supplemental summons" was made upon the Defendants. (Affs. of Serv., ECF No. 11–14 (showing service upon Defendants McEachern, Estate of Ruth Walfor, Delia Baez, and Karen Baez).) To clarify further, Plaintiff also submitted an affidavit from Alex Zambrano, a Process Server Supervisor at Nationwide Court Services, Inc., who attested to the fact that the "supplemental summons" referenced in the affidavits of service "refer to the Notice pursuant to RPAPL [Section] 1320." (Second Suppl. Submission, ECF No. 35, at ECF p. 3.) Plaintiff also provided a copy of the Section 1320 notice, which is dated February 16, 2022. (First Suppl. Submission, Ex. D, ECF No. 34, at ECF p. 20.)

Defendants have offered no evidence to raise a material issue of fact for trial on the question of whether Plaintiff complied with the notice requirements of RPAPL

---

[10] In their answers, Defendants Karina, Delia, and McEachern denied that "Green Mountain complied with being the sender of the 90 day Notice." (Karina Answer, ECF No. 24, ¶ 21; Delia Answer, ECF No. 25, ¶ 21; McEachern Answer, ECF No. 26, ¶ 21.) However, even assuming that Defendants intended to assert that Plaintiff failed to comply with the requirements of Section 1304, they have not responded to the motion for summary judgment and have offered no evidence in support of this proposition.

Section 1320. Accordingly, the Court find respectfully recommends finding that Plaintiff has complied with RPAPL Section 1320.

## CONCLUSION

For the foregoing reasons, Plaintiff has established its *prima facie* case for foreclosure, and Defendants have not advanced any evidence or argument in response to Plaintiff's motion for summary judgment. Accordingly, the Court respectfully recommends that Plaintiff's motion for summary judgment be granted and that an order be entered directing foreclosure and sale of the Property.

\*   \*   \*   \*   \*

This Report and Recommendation will be filed electronically and a copy will be sent by mail to Defendants. Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Nicholas G. Garaufis at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate[] [judge's] decision") (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
      February 5, 2024

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

18