UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,    Case No.: 1:22-CV-00858-NGG-TAM

                              Plaintiff,

                    -against -

JAMES MCEACHERN; KARINA BAEZ; DELIA BAEZ, AS ADMINISTRATRIX OF THE ESTATE OF RUTH WALFOR; UNKNOWN HEIRS OF RUTH WALFOR A/KA RUTH P. WALFOR; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the Amended Complaint,

                             Defendants.
-----------------------------------------------------------------------X

## JUDGMENT OF FORECLOSURE AND SALE

Upon the reading of the Summons, Complaint, Notice of Pendency, the Amended Complaint, the Answers filed by Defendants JAMES MCEACHERN; KARINA BAEZ; and DELIA BAEZ, AS ADMINISTRATRIX OF THE ESTATE OF RUTH WALFOR, and all papers filed in and proceedings had thereon, from which it appears that each of the named Defendants herein have been duly served with the Summons and the Amended Complaint in this action;

And, on reading and filing the Motion for Summary Judgment by Plaintiff GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD., *see* ECF Dkt. No.: 33 including Plaintiff's Rule 56.1 Statement, Memorandum of Law dated July 21, 2023, the Declaration of Shachar Hadar, Esq. dated July 21, 2023, with exhibits, the Affidavit by John Ramer dated July 21, 2023 (the "Ramer Affidavit"), and all prior papers filed in this action;

And, the amount computed by the Court to be due on the Note and Mortgage is

1

$374,742.57 in unpaid principal, $48,183.01 in interest, $184.87 in late charges, $19,257.68 in unpaid loan charges, and $95.00 in estimated payoff charges from the servicer through July 20, 2023, for a total of $442,463.13, as set forth in the Ramer Affidavit, plus interest at a daily rate of $29.93 from July 20, 2023 until the entry of the within Judgment of Foreclosure and Sale.

And upon the Court's Memorandum and Order dated February 23, 2024,

**NOW ON MOTION** of Hasbani & Light, P.C., attorneys for Plaintiff, it is hereby

**ORDERED,** that Plaintiff's Motion for Summary Judgment is granted; that the answers filed by the Defendants JAMES MCEACHERN; KARINA BAEZ; and DELIA BAEZ, AS ADMINISTRATRIX OF THE ESTATE OF RUTH WALFOR are stricken and dismissed; and it is further

**ORDERED,** that summary judgment is issued in favor of Plaintiff and against Defendants James McEachern, Karina Baez, Delia Baez, Unknown Heirs of Ruth Walfor, and unknown tenants of the relevant property, referred to as John Doe and Jane Doe; and it is further

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises, commonly known as 22506 Mentone Ave, Laurelton, NY 11413, known on the Queens County Tax Map as Block 13193 Lot 3 in the County of Queens and State of New York, and more particularly described in Schedule "A" annexed hereto (the "Premises") be sold, in one parcel, at public auction on the Courthouse Steps outside of the United States District Courthouse located at 225 Camdan Plaza E, Brooklyn, NY 11201 on any day of the week the courthouse is open at a time selected by the Referee, by and under the direction of Susan Rizos., Esq., 2255 31st Street, Astoria, NY 11105, Phone: (718) 777-5750, rizosesq@aol.com, who is hereby appointed Referee for that purpose (hereinafter "Referee"), that the said Referee set the date of sale and give public notice of the time

and place of such sale in accordance with New York Real Property Actions and Proceedings Law ("RPAPL") § 231; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall present government-issued photo identification to the Referee, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten (10%) percent of the sum bid and shall execute Referee's Terms of Sale for the purchase of the Premises, unless such successful bidder is Plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Premises, the Premises shall thereafter immediately, on the same day, be re-offered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee at or at such other location as the Referee shall determine within thirty (30) days, unless otherwise stipulated by Plaintiff, the Referee, and the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee deposit all funds received pursuant to this Judgment in his own name as Referee for the benefit of this action with the Clerk of this Court, which proceeds of sale may be withdrawn on his own order in connection with the closing of title pursuant to this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

FIRST: The statutory fees and commissions of said Referee, if any. In the event a scheduled sale is adjourned, cancelled, or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment, cancellation, or postponement, unless the Referee has requested the adjournment, cancellation, or postponement, should the Referee be entitled to such compensation. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Judgment shall constitute the necessary prior authorization for compensation as set forth herein.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the Premises by a municipal agency which have priority over the foreclosed mortgage, which are liens on the Premises at the time of sale with such penalties which may have lawfully accrued thereon to the date of payment.

FOURTH: Said Referee shall then pay to Plaintiff or to Plaintiff's attorneys the sum of $442,463.13, the said amount so reported due as aforesaid, together with interest thereon from July 20, 2023, the date the interest was calculated at the Note rate, to the date of entry of this Judgment, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the Premises will pay of the same, together with any advances as provided for in the instrument which Plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to inspect, repair, appraise and/or maintain the Premises pending the consummation of this foreclosure

sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the Note and Mortgage, as above provided, and copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL § 1355; and it is further

**ORDERED, ADJUDGED AND DECREED** that in case Plaintiff be the purchaser of said mortgaged Premises at said sale, said Referee shall not require Plaintiff or Plaintiff's assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff or to Plaintiff's assignee a Deed of the Premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments for Referee for compensation and expenses, taxes, assessments, sewer rates, water rates, and priority liens of a municipal agency, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified above in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, then Plaintiff shall pay to said Referee, upon delivery to Plaintiff of said Referee's Deed, the amount of such surplus, which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the Premises, pursuant to RPAPL § 1345(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1345(4) and the Referee shall give notice of such

5

surplus to the owner of the mortgaged Premises as identified by Plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee take the receipt of Plaintiff or Plaintiffs attorney for the amounts paid as herein before directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Clerk of this Court within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set further herein, to the credit of this action, to be withdrawn only on the order of the Court, signed by a judge of the Court; that the said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of this Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, or within thirty days of the decision of the Court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, Plaintiff may recover of Defendants JAMES MCEACHERN; KARINA BAEZ; and DELIA BAEZ, AS ADMINISTRATRIX OF THE ESTATE OF RUTH WALFOR the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the debt remaining unsatisfied after the sale of the mortgaged Premises and the application of proceeds thereof, provided a motion for deficiency judgment shall be made as prescribed by RPAPL § 1371 within ninety (90) days of the delivery of the Deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is

further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at such sale be let into possession of the Premises on production of the Referee's Deed or Deeds; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged Premises and each of every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Premises to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to:

- any state of facts that an inspection of the Premises would disclose;
- any state of facts that an accurate survey of the Premises would disclose;
- sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
- covenants, reservations, restrictions, easements, declarations, rights of way and public utility agreements of record, if any;
- any building and zoning ordinances of the municipality in which the mortgaged Premises is located and any violations of same;
- any and all rights of tenants, or persons in possession of the Premises other than tenants, or any portion thereof;
- any equity of redemption of the United States of America to redeem the Premises or

7

any portion thereof within one hundred twenty (120) days from date of sale; and

- prior lien(s) of record to the mortgage being foreclosed, if any, except those liens addressed in RPAPL § 1354;

and it is further

**ORDERED,** that in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED,** that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of filing of the Notice of Pendency, any tenants or occupants named in this action, and any other party entitled to notice.

The description of the Premises encumbered by the mortgage being foreclosed is annexed hereto as Schedule "A".

Dated: April 17, 2024

ENTER: /s/ so ordered

s/Nicholas G. Garaufis
Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York

# NATIONWIDE COURT SERVICES, INC

## TITLE NO. FC22-HL016

### SCHEDULE A

### LEGAL DESCRIPTION

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Laurelton, Fourth Ward of the Borough of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southwesterly side of Mentone Avenue (formerly known as Mentone Street or South Road) distant 45.13 feet southeasterly when measured along said southwesterly side of Mentone Avenue from the corner formed by the intersection of the southeasterly side of 225th Street (formerly known as Courtlandt Boulevard); with said southwesterly side of Mentone Avenue;

RUNNING THENCE South 49 degrees 29 minutes 33 seconds West and part of the distance through a party wall 100 feet to the land of the Long Island Railroad Co.;

THENCE Southwesterly along said land of the Long Island Railroad Co. 20.50 feet;

THENCE Northeasterly parallel with First mentioned course and part of the distance through another party wall 100 feet to the southwesterly side of Mentone Avenue;

THENCE Northwesterly along the southwesterly side of Mentone Avenue as the same curves 20.50 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY
Premises also known as:   225-06 Mentone Avenue
                          Springfield Gardens NY 11413

Block:13193 Lot:3

County of:                Queens